**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02103-CMA-STV

MOTTO FRANCHISING, LLC,

      Plaintiff,

v.

JOSEPH MCCABE, and
GREATER PHILADELPHIA AREA MORTGAGE, LLC, *doing business as Home Front Mortgage*,

      Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION AND
ORDER TO SHOW CAUSE**

---

This matter is before the Court on Motto Franchising, LLC's Motion for Reconsideration of Order Denying Motions for Entry of Default and Default Judgment ("Motion for Reconsideration"). (Doc. # 70.) Plaintiff moves the Court to reconsider its February 20, 2020 Order denying Plaintiff's Motion for Entry of Default and Default Judgment against Defendants Joseph McCabe and Greater Philadelphia Area Mortgage, LLC ("GPAM"). (Doc. # 67.) The Court denies Plaintiff's Motion for Reconsideration and orders Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

## I.    <u>BACKGROUND</u>

The factual background of this case was thoroughly recited in the Recommendation of United States Magistrate Judge (Doc. # 41) and this Court's Order

Adopting the December 3, 2019 Recommendation of United States Magistrate Judge Scott T. Varholak (Doc. # 60). The Court therefore recounts only the facts necessary to address Plaintiff's Motion for Reconsideration.

Plaintiff, Motto Franchising, LLC, initiated the instant lawsuit against all Defendants on July 22, 2019, alleging multiple breaches of a Settlement and Release Agreement ("Settlement Agreement") between the parties. (Doc. # 1.) Motto filed an Amended Complaint on August 5, 2019. (Doc. # 11.)

On August 13, 2019, Defendant McCabe, proceeding *pro se*, filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. # 16.) In his Motion to Dismiss, Defendant McCabe contended that the Court lacks subject matter jurisdiction over this action because Plaintiff and Defendant GPAM are not diverse. Defendant McCabe provided inconsistent information regarding the citizenship of Defendant GPAM's members on three separate occasions. (Doc. ## 23, 35, 45.) On January 29, 2020, this Court adopted the December 3, 2019 Recommendation of United States Magistrate Judge Scott T. Varholak, denying Defendant McCabe's Motion to Dismiss without prejudice. (Doc. # 60.)

On January 21, 2020, counsel for Defendant McCabe entered his appearance in this case. (Doc. # 56.)

On February 12, 2020, Magistrate Judge Varholak held a scheduling conference, at which counsel for Defendant McCabe and Plaintiff appeared. (Doc. # 63.) At the scheduling conference, Judge Varholak provided Defendant McCabe with more time to file his answer: "Mr. McCabe needs to defend the lawsuit and move forward, so you will need to file an answer. If, based upon the answer, there is no question anymore that he

has breached the settlement agreement, then obviously the plaintiff at that point can file a motion for judgment on the pleadings." (Doc. # 70-1 at 6.) Judge Varholak clarified in his March 2, 2020 Minute Order that Defendant McCabe's answer deadline was March 23, 2020. (Doc. # 71.)

Plaintiff filed Motto Franchising LLC's Motion for Entry of Default Against All Defendants (Doc. # 65) and Motto Franchising LLC's Motion for Default Judgment Against All Defendants (Doc. # 66) (together, "the default judgment motions") on February 13, 2020, one day after the scheduling conference. This Court denied the default judgment motions without prejudice on February 20, 2020, stating that "Plaintiff may refile its motions if jurisdictional discovery establishes that complete diversity exists between the parties." (Doc. # 67.)

On March 2, 2020, Plaintiff filed the instant Motion for Reconsideration, again seeking the entry of default judgment against all defendants, including Defendant McCabe. Defendant McCabe filed his answer on March 23, 2020. (Doc. # 72.)

## II. <u>STANDARD OF REVIEW</u>

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The Tenth Circuit recognizes three basic grounds upon which a motion for reconsideration may be granted: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent

manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate to correct clear error or prevent manifest injustice "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

The grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243; *see also Servants of the Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances ... the basis for the second motion must not have been available at the time the first motion was filed."). "In addition, 'arguments raised for the first time in a motion for reconsideration are not properly before the Court and generally need not be addressed.'" *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (quoting *United States v. Castillo-Garcias*, 117 F.3d 1179, 1197 (10th Cir. 2007)).

### III.    ANALYSIS

Plaintiff moves for reconsideration on the basis of "the [Court's] oversight in failing to consider its previous ruling and failure to account for the admissions of Defendants at [the February 12, 2020 scheduling conference]", i.e., to correct clear error or prevent manifest injustice. (Doc. # 70 at 2.) Both arguments are without merit. The Court will first consider Plaintiff's Motion for Reconsideration as to Defendant McCabe, and then will turn to Plaintiff's Motion as to Defendant GPAM.

### A.    DEFENDANT MCCABE

Plaintiff moves for reconsideration of the Court's denial of default judgment

against Defendant McCabe, stating:

> The Court denied McCabe and GPAM's Motions to Dismiss on January 29, 2020 and therefore by application of Fed.R.Civ.P. 12(a)(4) Defendants had 14 days to answer, which deadline ran on February 12, 2020. Defendants failed to file an answer within 14 days of the January 29, 2020 Order and have not filed an answer as of the date of this filing. There is no dispute the Defendants are in default.

(Doc. # 70 at 4.) However, Magistrate Judge Varholak permitted Defendant McCabe to file a late answer at the February 12, 2020 scheduling conference. Magistrate Judge Varholak subsequently ordered Defendant McCabe to file his answer on or before March 23, 2020 (Doc. # 71), and Defendant McCabe filed his answer accordingly (Doc. # 72). Therefore, Defendant McCabe is not in default. Despite these facts, Plaintiff has not withdrawn its Motion for Reconsideration as to Defendant McCabe.

Plaintiff's Motion for Reconsideration required the Court to read the transcript of proceedings held before Judge Varholak. In doing so, the Court determined that Plaintiff has not only wasted this Court's time but he has done so by making misrepresentations to the Court. Plaintiff should not have sought reconsideration of the Court's February 20, 2020 Order as to Defendant McCabe in light of Judge Varholak's clearly stated decision to extend Defendant McCabe's answer deadline. Plaintiff is admonished that the Court will not hesitate to impose sanctions if it continues to file such frivolous motions. The Court denies Plaintiff's Motion for Reconsideration as to Defendant McCabe.

## B.    DEFENDANT GPAM

In denying Plaintiff's default judgment motions, the Court did not fail to consider any of its previous rulings as asserted by Plaintiff. The Court limited its finding of complete diversity between the parties in its January 29, 2020 Order, to which Plaintiff

refers in its Motion for Reconsideration, as follows:

> Defendant McCabe's numerous representations about the citizenship of GPAM's members are contradictory and unsubstantiated. Indeed, Defendant McCabe's representation on November 27, 2019, supports Plaintiff's allegation that complete diversity exists. (Doc. # 35.) Therefore, Defendant's challenge fails. **For the purposes of this Order, the Court concludes that complete diversity existed between the parties at the time the complaint was filed.**
>
> Magistrate Judge Varholak granted Plaintiff's Motion for Leave to Engage in Jurisdictional Discovery on December 28, 2019. (Doc. # 51.) . . . . Should jurisdictional discovery establish that complete diversity does not, in fact, exist, Defendant McCabe may file another motion to dismiss on that basis.

(Doc. # 60 at 6) (emphasis added). As plainly stated, the Court concluded that complete diversity existed between the parties solely for the purposes of the January 29, 2020 Order. Further, the Court issued that Order with the understanding that the parties were engaging in jurisdictional discovery to establish, with certainty, the citizenship of Defendant GPAM's members at the time of the Complaint's filing. Plaintiff's Motion for Reconsideration is denied to the extent it relies on the Court's January 29, 2020 Order to establish subject matter jurisdiction.

Second, Plaintiff's contention that the Court failed to consider "the admissions of Defendants"[1] at the scheduling conference in its February 20, 2020 Order denying Plaintiff's default judgment motions misinterprets the limited jurisdiction of federal courts. Defendant McCabe's attorney cannot satisfy this Court's subject matter jurisdiction requirement by stating that "if this Court accepts jurisdiction, I will too." (Doc.

---

[1] Plaintiff again misrepresents the facts with this statement. Counsel for Defendant **McCabe** appeared at the scheduling conference. Defendant GPAM did not appear. Defendants, collectively, did not make any admissions at the scheduling conference.

# 70 at 5.) Parties may not consent to a federal court's subject matter jurisdiction or waive the court's subject matter jurisdiction requirement. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject matter jurisdiction can never be waived or forfeited."); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("Neither party has questioned [the federal court's subject matter] jurisdiction, but it is the duty of this court to see to it that the jurisdiction of the circuit court, which is defined and limited by statute, is not exceeded. This duty we have frequently performed of our own motion.") (collecting cases). Consequently, Plaintiff may not rely on Defendant McCabe's "admissions" to establish subject matter jurisdiction. Plaintiff's Motion for Reconsideration is denied on this basis as well.

## C.    ORDER TO SHOW CAUSE

A federal court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so. *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980); *Gonzalez*, 565 U.S. at 141 ("[C]ourts are obligated to consider *sua sponte* issues [related to subject matter jurisdiction] that the parties have disclaimed or have not presented.") (citing *United States v. Cotton,* 535 U.S. 625, 630 (2002)). A court should not proceed without having first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Objections to subject matter jurisdiction "may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Gonzalez*, 565 U.S. at 141.

The burden of establishing subject matter jurisdiction rests upon Plaintiff, the party asserting jurisdiction, and Plaintiff has not definitively established the citizenship of Defendant GPAM's members at the time of the Complaint's filing. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (quoting *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014)). For the reasons described herein, the Court disagrees with Plaintiff's assertion that "the Court's January 29, 2020 Order [Dkt. 60] and Defendant McCabe's admissions through counsel at the Scheduling Conference moot the need for Motto to engage in jurisdictional discovery." (Doc. # 70 at 4.) Plaintiff is ORDERED to show cause by May 1, 2020, why this case should not be dismissed for lack of subject matter jurisdiction due to lack of complete diversity between the parties.

## IV. CONCLUSION

For the foregoing reasons, Motto Franchising, LLC's Motion for Reconsideration of Order Denying Motions for Entry of Default and Default Judgment (Doc. # 70) is DENIED and Plaintiff is ORDERED to show cause by May 1, 2020, why this case should not be dismissed for lack of subject matter jurisdiction.

DATED: April 1, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge