IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02103-CMA-STV

MOTTO FRANCHISING, LLC,

    Plaintiff,

v.

JOSEPH MCCABE, and
GREATER PHILADELPHIA AREA MORTGAGE, LLC, doing business as Home Front Mortgage,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, INTEREST AND COSTS**

This matter is before the Court on Motto Franchising, LLC's Motion for Attorneys' Fees, Interest and Costs ("Motion"). (Doc. # 102.) Therein, Plaintiff Motto Franchising, LLC ("Motto") moves the Court to award it $53,679.50 in attorneys' fees, $870.70 in nontaxable costs, and $18,983.64 in pre-judgment interest, totaling $73,533.84. *See generally* (*id.*). No response to the Motion has been filed. For the following reasons, the Motion is granted.

**I.    LEGAL STANDARDS**

It is within the court's discretion to determine the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth by the Supreme Court

in *Hensley*. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A lodestar calculation involves multiplying the number of hours an attorney expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 461 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 1249 (internal citations omitted).

## II.　ANALYSIS

This action concerns Motto's enforcement of the Settlement and Release Agreement with Confession of Judgment ("Settlement Agreement") it entered into with Defendants Joseph McCabe and Greater Philadelphia Area Mortgage, LLC ("GPAM"). The Settlement Agreement provides that,

> [a]s to McCabe and GPAM, an Uncured Event of Default . . . shall trigger **legal interest** on the principal sum then due, and shall further grant Motto entitlement to **all costs and expenses** incurred in connection with collecting any amount past due, including but not limited to attorney's fees.

(Doc. # 3 at 5) (emphases added). The Confession of Judgment, which is part of the Settlement Agreement, provides that "[u]pon the occurrence of an Uncured Event of Default, Defendants hereby acknowledge that they will be jointly and severally liable to Motto" for the principal balance of the Settlement Sum of $150,000 "plus **legal interest** from the Event of Default, and **reasonable costs of collection and/or suit, including**

**reasonable attorneys' fees, costs and expenses** and any other damages." (*Id.* at 22) (emphases added). Thus, by the plain language of the Settlement Agreement and Confession of Judgment, Motto is entitled to recover reasonable attorneys' fees, all costs, and legal interest from the date of default.

## A.    ATTORNEYS' FEES

Motto seeks $53,679.50 in attorneys' fees. Having determined that Motto is contractually entitled to recover reasonable attorneys' fees, the first step in calculating the lodestar is the determination of the number of hours reasonably spent by counsel. *Case,* 157 F.3d at 1250. Upon review of William J. Kelly III's Affidvit [sic] in Support of Motto Franchising, LLC's Motion for Attorneys' Fees and Costs ("Affidavit") (Doc. # 102-1), as well as the contemporaneous time records submitted in support of the Motion (Doc. # 102-2), the Court concludes that Motto's counsel exercised billing judgment in filing the instant Motion and that all hours requested were reasonably expended in the litigation. *See Ramos*, 713 F.2d at 553; *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary....").

Next, the Court finds that the billing rates requested are reasonable. Motto seeks an hourly rate of $295 per hour for partners William J. Kelly III and Shannon M. Bell, $250 per hour for associate Todd Eckloff, and $110 per hour for paralegals Courtney Richardson and Katherine Wright. The Court finds that the rates requested are consistent with evidence of what the market commands for federal litigation in the District of Colorado for lawyers of comparable skill, experience, and reputation. *See,*

3

*e.g.*, *Edwards v. Edwards*, No. 20-CV-02843-CMA-SKC, 2021 WL 130690, at *2 (D. Colo. Jan. 14, 2021) (finding attorney rate of $400 and paralegal rate of $180 reasonable in this jurisdiction); *QFA Royalties LLC v. Q of O, LLC*, No. 15-CV-00461-CMA-MJW, 2016 WL 915753, at *3 (D. Colo. Mar. 10, 2016) (explaining "this Court has found $425 to be a reasonable hourly rate for an experienced senior attorney and $285 to be a reasonable hourly rate for an associate attorney"); *Barnett v. Bd. of Cty. Commissioners of Cty. of Montrose*, No. 14-CV-1765-JAP-GPG, 2015 WL 13614118, at *5 (D. Colo. Dec. 14, 2015) (collecting cases that "suggest that the prevailing rates in Denver . . . for experienced litigators approach $400 per hour in recent years"), *report and recommendation adopted*, 2015 WL 13614119 (D. Colo. Dec. 31, 2015). Therefore, multiplying the reasonable hourly rates by the number of hours reasonably expended, the Court determines that Motto is entitled to an award of $53,679.50 in attorneys' fees.

**B.    INTEREST**

Next, Motto moves the Court for an award of interest in the amount of $18,983.64, which accrued between the date of default on June 12, 2019, and the filing of the Motion on March 5, 2021. The Settlement Agreement and Confession of Judgment provide that Motto is entitled to "legal interest" as of the date of default until payment in full. *See* (Doc. # 3 at 5, 22). Under Colorado law, which governs the Settlement Agreement, Motto is entitled to interest at the rate of eight percent compounded annually for all moneys after they become due. Colo. Rev. Stat. § 5-12-102. The principal balance of $133,300.00 became due as of the date of default.

Therefore, Motto's Motion is granted to the extent it seeks interest in the amount of $18,983.64.

**C.     NONTAXABLE COSTS**

Rule 54 creates a presumption that the district court will award the prevailing party costs. *Cantrell v. Int'l Bhd. of Elec. Workers,* 69 F.3d 456, 458–59 (10th Cir. 1995). Thus, the established rule is that costs are generally awarded to the prevailing party. *Zeran v. Diamond Broad., Inc.,* 203 F.3d 714, 722 (10th Cir. 2000). The burden is on the non-prevailing party to overcome this presumption. *Cantrell,* 69 F.3d at 459.

Typically, the courts do not have discretion to tax costs that are not expressly allowed by statute because, if Fed. R. Civ. P. 54(d) "grant[ed] courts discretion to tax whatever costs may seem appropriate, then [28 U.S.C.] § 1920, which enumerates the costs that may be taxed, serves no role whatsoever." *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 941 (10th Cir. 2020) (quoting *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)). However, in this case, the Settlement Agreement entitles Motto to recover of **all** reasonable costs incurred in this action, not only those costs that are taxable. *See* (Doc. # 3 at 5, 22).

In its Motion, Motto seeks to recover nontaxable fees including, *inter alia*, legal research fees, PACER fees, and fees for service of process via Federal Express. *See* (Doc. # 102 at 4–6). Upon review of the Motion and the Affidavit, the Court finds that the nontaxable fees requested were reasonably incurred in the litigation of this action and are recoverable under the terms of the Settlement Agreement. *See Am. Produce, LLC v. Vargas*, No. 11-CV-02919-PAB-MEH, 2012 WL 1813285, at *8 (D. Colo. Apr. 24,

5

2012) (awarding service of process costs to prevailing party where contract provided for costs), *report and recommendation adopted,* No. 11-CV-02919-PAB-MEH, 2012 WL 1813407 (D. Colo. May 18, 2012); *see also Ward v. Siebel*, No. 06-CV-00036-WYD-MJW, 2012 WL 2196054, at *7 (D. Colo. June 15, 2012) (allowing recovery of Westlaw research fees as costs pursuant to contract).

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Motto Franchising, LLC's Motion for Attorneys' Fees, Interest and Costs (Doc. # 102) is GRANTED;

- judgment shall enter in favor of Plaintiff Motto Franchising, LLC and against Defendants Joseph McCabe and Greater Philadelphia Area Mortgage in the amount of $53,679.50 in attorneys' fees, $870.70 in nontaxable costs, and $18,983.64 in pre-judgment interest, totaling $73,533.84, for which Defendants are jointly and severally liable; and

- this judgment is in addition to the costs taxed by the Clerk of Court on April 13, 2021, in the amount of $493.75, and in addition to the summary judgment entered in favor of Plaintiff Motto Franchising, LLC and against Defendants on February 19, 2021, in the amount of $133,300.00.

DATED:  April 15, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge